UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
CHENG ZHOU and IN-CHOICE ACCESSORY
GROUP LLC,

                                          **MEMORANDUM & ORDER**
            Plaintiffs,                24-CV-3107 (MKB)

            v.

ANTHONY XIAO WEI CHEN, AIRITAN
MANAGEMENT CORP., and FANG ZOU,

            Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Cheng Zhou and In-Choice Accessory Group LLC ("In-Choice") commenced the above-captioned action against Defendants Anthony Xiao Wei Chen, Airitan Management Corp. ("Airitan"), and Fang Zou, invoking diversity jurisdiction and asserting claims for breach of fiduciary duty, breach of contract, conversion, money had and received, unjust enrichment, fraud, embezzlement, and faithless servant. (Compl. ¶¶ 45–85, Docket Entry No. 1.) The claims arise out of Chen's alleged fraudulent transfer of $1,000,000 of In-Choice's funds to Airitan, a corporation controlled by Zou. (*Id.* ¶ 1.) On July 18, 2024, Chen filed an Answer asserting several affirmative defenses. (Answer, Docket Entry No. 13.)

      On February 5, 2025, Airitan and Zou moved to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] On March 31, 2025, Chen moved for judgment on the pleadings pursuant to Rule 12(c) of the

---

[1] (Airitan/Zou's Mot. to Dismiss ("Airitan/Zou's Mot."), Docket Entry No. 21; Airitan/Zou's Mem. in Supp. of Airitan/Zou's Mot. ("Airitan/Zou's Mem."), Docket Entry No. 21-1.)

Federal Rules of Civil Procedure on grounds that the Court lacks subject-matter jurisdiction and Plaintiffs' claims fail to state a claim under New York law.[2]  For the reasons explained below, the Court grants Airitan and Zou's motion to dismiss and Chen's motion for judgment on the pleadings, both for lack of subject-matter jurisdiction.

## I. Background

Zhou is a citizen and resident of China.  (Compl. ¶¶ 2, 9.)  In-Choice is a Delaware limited liability company ("LLC") whose sole member is Zhou.  (*Id.* ¶ 10.)  Chen is a Certified Public Accountant ("CPA") licensed to practice in the State of New York, resides in New Hyde Park, New York, and conducts business under the aliases "Chen Anthony Wei," "Chen Xiao Wei Anthony," "Anthony Chen CPA," and "Anthony Chen CPA PLLC."  (*Id.* ¶ 11.)  Airitan is a New York domestic business corporation with its principal place of business located at 64-70 Maurice Avenue, Maspeth, New York.  (*Id.* ¶ 12.)  Zou is the Chief Executive Officer of Airitan and resides in Maspeth, New York.  (*Id.* ¶ 13.)

In or around August of 2018, Zhou hired Chen to help him set-up, incorporate, and register several U.S.-based entities, including In-Choice, as part of Zhou's "international trading and import/export business" expansion and to prepare U.S. tax filings for the new entities.[3]  (*Id.* ¶¶ 2–3, 16, 20.)  Plaintiff alleges that Chen held himself out to be a "professional advisor/agent" with extensive experience in U.S tax and corporate matters.  (*Id.* ¶ 3.)  Because of his own "limited knowledge of tax and corporate matters," Zhou relied on Chen's expertise to set-up and

---

[2]  (Chen's Mot. for J. on the Pleadings ("Chen's Mot."), Docket Entry No. 25; Chen's Mem. in Supp. of Chen's Mot. ("Chen's Mem."), Docket Entry No. 25-1; Decl. of Anthony Wei Chen in Supp. of Chen's Mot. ("Chen Decl."), 25-3.)

[3]  The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Defendants' motions.

operate the proposed entities.  (*See id.* ¶¶ 2–3, 19–20.)

Shortly after In-Choice was established, Zhou injected his personal funds as a "member's loan" into In-Choice's bank account to cover day-to-day operational costs.  (*Id.* ¶¶ 3, 21.)  Chen represented that because Zhou was "rarely physically present in the United States, it would be more efficient and totally legitimate" for Chen to "impersonate" Zhou and "use [Zhou's] internet login codes to operate [In-Choice's bank account] and handle all transactions" on Zhou's behalf. (*Id.* ¶¶ 4, 22.)  Due to Zhou's "limited knowledge of how businesses are conducted in the [United States]," "his mistaken faith in [Chen's] integrity," and Chen's "convinc[ing]," Zhou handed over his internet login codes for the In-Choice bank account to Chen.  (*Id.* ¶¶ 5, 23–24.) "[U]nder the pretext of a purported investment in an illusory real estate project ran by [Airitan]," Chen used Zhou's login codes to transfer $1,000,000 from In-Choice's account to Airitan's account across three transactions on October 3, 2019, November 26, 2019, and November 29, 2019.  (*Id.* ¶¶ 7, 27–30.)  Chen has never seen an agreement or documents regarding the real estate project nor approved any investment in the project for himself or on behalf of In-Choice. (*Id.* ¶¶ 7, 36.)  He learned of the transferred funds several months after the transactions were completed.  (*Id.* ¶ 34.)  Plaintiffs bring this action to recover the funds from Defendants and "monetary damages caused by the Defendants' conspiracy to defraud and other misconducts." (*Id.* ¶¶ 8, 44.)

After Plaintiff commenced this action, Chen filed an Answer (1) admitting that he is a CPA who formed In-Choice with Zhou and resides in and is eligible to practice in New York, (2) denying the allegation that In-Choice is a Delaware LLC whose sole member is Zhou, and (3) alleging that, like Zhou, he is a member of and holds ownership interests in In-Choice.  (Answer ¶¶ 3, 10–11.)  Chen attached a copy of In-Choice's Operating Agreement ("Operating

3

Agreement") in support of his allegation that he is an interest-holding member of In-Choice. (*Id.* ¶ 3; Operating Agreement, annexed to Answer as Ex. A., Docket Entry No. 13-1.)

On July 26, 2024, Airitan and Zou filed a premotion conference ("PMC") request for an anticipated motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim against Zou in his individual capacity. (PMC Request 1, Docket Entry No. 14.) Airitan and Zou intended to move for dismissal in part on grounds that there is no complete diversity because Chen's Answer and the Operating Agreement demonstrate that "In-Choice has the same citizenship as [Chen]." (*Id.*) On August 6, 2024, Plaintiffs requested a sixty-day extension to respond to Airitan and Zou's PMC request in order to locate documentation that Chen is no longer a member of In-Choice and to account for the geographical and time differences between Zhou in China and his counsel in New York that impede timely communications. (Pls.' Request for Ext. to Respond to PMC Request ("Pls.' Ext. Request") 1–2, Docket Entry No. 16.) On August 8, 2024, the Court granted Plaintiffs' extension request and directed Plaintiffs to respond to Airitan and Zou's PMC request on or before October 7, 2024. (Order dated Aug. 8, 2024.) Plaintiffs did not file a response.

On January 13, 2025, Chen filed a PMC request for his anticipated motion for judgment on the pleadings. (Letter Mot. for PMC, Docket Entry No. 19.) Plaintiffs did not respond to Chen's request or to the Court's order directing them to respond on or before January 21, 2025. (Order dated Jan. 14, 2025.) Subsequently, Airitan and Zou moved to dismiss for lack of subject-matter jurisdiction and Chen moved for judgment on the pleadings on grounds that the Court lacks jurisdiction and for failure to state a claim. (Airitan/Zou's Mot.; Chen's Mot.) Plaintiffs did not oppose either motion.

II. **Discussion**

    a. **Standards of review**

        i. **Rule 12(b)(1)**

A district court may dismiss an action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 37 (2d Cir. 2025) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge, N.Y.*, 98 F.4th 386, 391 (2d Cir. 2024) (quoting *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021)); *Brokamp v. James*, 66 F.4th 374, 386 (2d Cir. 2023) (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015)), *cert. denied*, 144 S. Ct. 1095 (2024); *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021) (quoting *Makarova*, 201 F.3d at 113). Courts must "accept the complaint's material allegations as true, and . . . draw all reasonable inferences in the plaintiffs' favor," *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 113 (2d Cir. 2024) (quoting *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017)), but "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings," *Talarico Bros. Bldg. Corp. v. Union Carbide Corp.*, 73 F.4th 126, 136 (2d Cir. 2023) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)); *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) ("It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" (first quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014); and then citing *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999))); *see Iacovo v. Magguilli*,

5

No. 24-CV-4372, 2025 WL 1135471, at *3 (E.D.N.Y. Apr. 17, 2025) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." (quoting *Tandon*, 752 F.3d at 243)).  Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon*, 752 F.3d at 243 (quoting *Makarova*, 201 F.3d at 113); *AMTAX Holdings*, 136 F.4th at 37 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." (quoting *Makarova*, 201 F.3d at 113)).

  ii.   **Rule 12(c)**

"For a complaint to withstand judgment on the pleadings, it 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' which is the same standard that governs a motion to dismiss under Rule 12(b)(6)." *Beck v. Manhattan Coll.*, 136 F.4th 19, 22 (2d Cir. 2025); *Doherty v. Bice*, 101 F.4th 169, 172 (2d Cir. 2024) (noting that "[w]hen a defendant moves under Rule 12(c) to dismiss a complaint for failure to state a claim, the standard for granting the motion 'is identical to that for granting a Rule 12(b)(6) motion,'" and a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff]'s favor" (first quoting *Lively v. WAFRA Inv. Advisory Grp.*, 6 F.4th 293, 301 (2d Cir. 2021); and then quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009))); *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) ("The standard for reviewing a motion for judgment on the pleadings is the same as that for a motion to dismiss . . . , accepting the material facts alleged in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." (first citing *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); and then citing *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013))); *Velazquez v. Home Controls, Inc.*, No. 22-CV-3921, 2023 WL 4622597, at *2 (S.D.N.Y. July 19, 2023) ("A Rule

6

12(c) motion for judgment on the pleadings based upon a lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint." (alteration omitted) (quoting *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 448–49 (S.D.N.Y. 2001))). "In reviewing a motion made pursuant to Rule 12(c), a court 'may consider all documents that qualify as part of the non-movant's pleading, including (1) the complaint or answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice.'" *Beck*, 136 F.4th at 22 (quoting *Lively*, 6 F.4th at 306); *Goldberg v. Pace Univ.*, 88 F.4th 204, 210 (2d Cir. 2023) (same).

### b. The Court lacks subject-matter jurisdiction

Defendants argue that "In-Choice has the same New York citizenship as Defendant Chen" because "the citizenship of [an LLC] is the same as its members, not where it was organized or created." (Chen's Mem. 1–3; Airitan/Zou's Mem. 2–3.) In support, Defendants rely on the Operating Agreement as evidence of Chen's membership interest in In-Choice. (Chen's Mem. 3; Airitan/Zou's Mem. 3.) Airitan and Zhou also argue that Plaintiffs have not responded nor provided any documentation showing Chen is no longer a member from In-Choice and seek dismissal with prejudice. (Airitan/Zou's Mem. 2; Airitan/Zou Mot. 1.)

Plaintiffs "do not dispute the fact that historically [Chen] did hold membership interests in [In-Choice]" and instead contend that the issue "is whether [Chen] remained a member of [In-Choice] at the commencement of this instant action."[4]  (Pls.' Ext. Request 1 (emphasis omitted).) Plaintiffs argue that "for logistical convenience" Chen, "as a U.S. Person," was to "hold nominal interests (i.e. 1%) in [In-Choice] until [In-Choice] was up and running" with "the arrangement

---

[4] Although Plaintiffs did not file a formal opposition to either Defendants' motions, for the purposes of this Memorandum and Order, the Court construes Plaintiffs' response to Airitan and Zhou's PMC request for their motion to dismiss as Plaintiffs' opposition to both motions.

7

. . . unwind[ing] as soon as possible thereafter." (*Id.*)  Plaintiffs contend that "[o]n or about August 22, 2019, by written communication, [Chen] informed [Zhou] that, consistent with their arrangement and mutual understanding, [Chen] had disposed of his 1% interests in [In-Choice] and [Chen] was no longer a member of [In-Choice]." (*Id.* at 1–2.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented.  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (alteration in original).  Under the diversity jurisdiction statute, all plaintiffs and all defendants must be of diverse citizenship.  28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.*[,] all plaintiffs must be citizens of states diverse from those of all defendants." (footnote omitted) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))).  In addition, "[f]ederal diversity jurisdiction requires an amount in controversy of at least $75,000 . . . [and] this amount is measured as of the time that a complaint is filed."  *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 154–55 (D. Conn. 2016) (first citing 28 U.S.C. § 1332(a); and then citing *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005)); *see also Hall*, 396 F.3d at 506 (noting that "[g]enerally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events").

8

The amount in controversy is determined based on the allegations in the complaint and "the dollar amount actually claimed." *Lapaglia*, 155 F. Supp. 3d at 155 (first citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); and then citing *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). "[T]he party asserting subject matter jurisdiction[ ] has the burden of proving that it exists by a preponderance of the evidence." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) (citing *Makarova*, 201 F.3d at 113); *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 814 n.5 (2d Cir. 2014) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." (quoting *Scherer*, 347 F.3d at 397)); *see also Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (same). "When a defendant challenges the jurisdictional facts supporting a federal court's subject-matter jurisdiction, it is incumbent upon the party seeking to invoke the court's jurisdiction to present 'competent proof' that jurisdiction existed at the time the complaint was filed." *City of New York v. Fleet Gen. Ins. Grp.*, No. 22-2867, 2024 WL 3517856, at *2 (2d Cir. July 24, 2024) (first quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); and then citing *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 571 (2004)); *d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 886 F.3d 216, 226 (2d Cir. 2018) ("[A] party's citizenship is analyzed at the time the suit is filed, . . . not at the time of a contract underlying the suit." (quoting *Grupo Dataflux*, 541 U.S. at 570)); *Simon Prop. Grp. v. U.S. Bank Nat'l Ass'n*, No. 21-CV-7850, 2022 WL 2473341, at *3 (S.D.N.Y. July 6, 2022) ("It has long been recognized that the jurisdiction of a federal court 'depends upon the state of things at the time of the action brought.'" (quoting *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993))). "[A] district court has 'considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" *Harty*, 28 F.4th at 441–42 (emphasis omitted) (quoting *Potter*, 343 F.3d at 627).

In general, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (per curiam) (alteration in original) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019)). "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (first citing 28 U.S.C. § 1332(c)(1); and then citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *Powell v. Ocwen Loan Servicing, LLC*, No. 23-421, 2024 WL 763406, at *2 (2d Cir. Feb. 26, 2024) ("For the purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and its principal place of business." (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016))); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"). "[L]imited liability companies take on the citizenship of each of their members." *Wiener v. AXA Equitable Life Ins. Co.*, 113 F.4th 201, 212 n.8 (2d Cir. 2024) (citing *Bayerische*, 692 F.3d at 49); *Kruglov*, 771 F. App'x at 118 (explaining that an LLC is "generally a citizen of each state in which any of its members is a citizen" for diversity citizenship purposes (first citing *Carter*, 822 F.3d at 60; and then citing *Handelsman v. Bedford Vill. Assocs.*, 213 F.3d 48, 51–52 (2d Cir. 2000))).

Plaintiffs have failed to produce "competent proof" that Chen disposed of his membership interest in In-Choice before they filed the Complaint and thus have failed to establish complete diversity. *Fleet Gen.*, 2024 WL 3517856, at *2. Plaintiffs allege, and the Defendants' do not challenge, that Zhou is a citizen of China and a member of In-Choice, (Compl. ¶¶ 2, 9–10), making In-Choice a citizen of China. *See Shelomentseva v. Computools LLC*, No. 23-7921, 2024 WL 4509113, at *1 (2d Cir. Oct. 17, 2024) (concluding for diversity

10

jurisdiction purposes that the defendant LLC was a citizen of Ukraine, where its sole member was a citizen); *Windward Bora LLC v. Browne*, 110 F.4th 120, 129 (2d Cir. 2024) (finding LLC was a citizen of a foreign state, Morocco, based on the citizenship of its member). The parties do not dispute that all Defendants are residents of New York,[5] (Airitan/Zou's Mem. 2; Chen's Mem. 3; Compl. ¶¶ 11–13); and the Operating Agreement demonstrates that Chen was a member of In-Choice, an LLC, when it was formed in August of 2018, (Pls.' Ext. Request 1; Chen's Mem. 3; Airitan/Zou's Mem. 3). Chen declares that he is currently a member of In-Choice with a 1% ownership interest. (Chen Decl. ¶ 4.) While Plaintiffs contend that Chen informed Zhou in writing that he had disposed of his membership interest,[6] (Pls.' Ext. Request 1–2), Plaintiffs

---

[5] Plaintiff alleges only that Chen and Zou are residents of New York, not that they are domiciled in New York. (Compl. ¶¶ 11, 13.) "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *New Canaan Cap. Mgmt. v. Ozado Partners LLC*, No. 16-CV-1395, 2017 WL 1157153, at *4 (S.D.N.Y. Mar. 25, 2017) (quoting *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)); *see also Caren v. Collins*, 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship."). Moreover, "[o]ne may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) (quoting *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004)). Chen attests that he is a citizen of and domiciled in New York, (Chen Decl. ¶ 5), and there is no indication in the Complaint that he is domiciled elsewhere. As to Zou, he "concede[s]" in his joint motion to dismiss with Airitan that "[f]or the purpose of this motion" he is a resident of New York, (Airitan/Zou Mem. 3), and there is no indication in the Complaint that he is domiciled outside of New York. As to the corporate defendant, Airitan, Plaintiff properly pleads that Airitan is a citizen of New York, as he alleges both that Airitan is incorporated and has its principal place of business in New York. (Compl. ¶ 12.) *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt.*, 692 F.3d 42, 48 (2d Cir. 2012) ("[A] corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business.").

[6] Plaintiffs contend that "for logistical convenience" Chen was to "hold nominal interests (i.e. 1%) in [In-Choice] until [In-Choice] was up and running" with "the arrangement unwinding as soon as possible thereafter." (Pls.' Ext. Request 1.) The Operating Agreement supports that Zhou and Chen agreed that Chen would divest his membership interest, but the Operating

11

failed to provide a copy of the written communication despite requesting and being given an additional sixty-days to file the documentation in August of 2024, (Order dated Aug. 8, 2024). Plaintiffs have also not offered alternative proof. *See Westchase Residential Assets II v. Knowles*, No. 14-CV-7580, 2019 WL 13219705, at *2–3 (E.D.N.Y. Aug. 20, 2019) (dismissing for lack of subject-matter jurisdiction where plaintiff LLC failed to submit documentary proof of the citizenship of each of its members despite the court affording it the opportunity to do so twice); *Money Source Inc. v. LoanCare LLC*, No. 18-CV-3523, 2019 WL 1746938, at *3 (E.D.N.Y. Apr. 18, 2019) (dismissing action where plaintiff failed to meet its burden to demonstrate diversity jurisdiction despite notice and opportunity to do so); *see also Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (explaining that under the "straightforward application of the rules for allocating the burden of proving diversity," in "the absence of any evidence overcoming or even countervailing" evidence from defendants that plaintiff and members of the defendant partnership were nondiverse, it "cannot be said" that the plaintiff carried its burden of "demonstrating that the grounds for diversity exist and that diversity is complete").

The Court notes that Plaintiffs' failure to respond to Defendants' motions or even the PMC requests and their lack of communication with the Court for over nine months since requesting an extension to file documentation they ultimately never filed undermines any consideration that Plaintiffs would engage in jurisdictional discovery, if ordered, to obtain

---

Agreement indicates that Chen's "membership interest" was to be "substituted by a [CPA] Firm established and managed by [Chen] within . . . [six] months of operating . . . [In-Choice]" and that Zhou's membership was to be "substituted by a revocable trust established by [Zhou]" in the same timeframe. (Operating Agreement 8.) While either of these events would affect the members and citizenship of the LLC, In-Choice, there is no evidence before the Court that either of these events occurred.

relevant facts or documents that may be in Defendants' possession concerning Chen's status as a member of In-Choice. *Cf. Aleph Towers, LLC v. Ambit Tex., LLC*, No. 12-CV-3488, 2013 WL 4517278, at *4 (E.D.N.Y. Aug. 23, 2013) (ordering jurisdictional discovery into citizenship of the defendant LLC where the plaintiffs failed to provide competent proof sufficient to overcome defendants' factual challenge but otherwise made a good faith effort to establish the LLC's citizenship); *see also Haber v. United States*, 823 F.3d 746, 750 (2d Cir. 2016) (holding that the district court "did not abuse its discretion in denying jurisdictional discovery because [the plaintiff] did not meet his burden of showing that the requested discovery is likely to produce the facts needed to establish jurisdiction"). The record before the Court supports the conclusion that Chen was a member of In-Choice at the commencement of this action, rendering In-Choice a citizen of both China, where Zhou is a citizen, and New York, where Chen is a citizen, and destroying complete diversity with Defendants, all of which are citizens of New York. *See Kruglov*, 771 F. App'x. at 118 ("Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship' . . . [and an LLC] . . . is generally a citizen of each state in which any of its members is a citizen." (citations omitted)); *Finger Lake LLC v. Qiang Tu*, No. 19-CV-6522, 2020 WL 2555250, at *4–5 (S.D.N.Y. May 20, 2020) (dismissing complaint for lack of subject-matter jurisdiction where extrinsic evidence showed that the defendant was a member of the plaintiff LLC).

The Court, therefore, dismisses the Complaint without prejudice for lack of subject-matter jurisdiction.[7] *See Faculty v. N.Y. Univ.*, 11 F.4th 68, 78 (2d Cir. 2021) (explaining that a

---

[7] Because the Court dismisses the Complaint for lack of subject-matter jurisdiction, it does not reach Chen's arguments that the Complaint fails to state a claim. *See Perez v. Oxford Univ.*, No. 21-CV-4844, 2022 WL 1446543, at *5 (S.D.N.Y. Apr. 11, 2022) ("Lacking subject matter jurisdiction, the [c]ourt does not address the substantive issue of whether the [a]mended [c]omplaint fails to state a claim.").

13

dismissal for lack of jurisdiction "must be without prejudice rather than with prejudice"); *Katz v. Donna Karan Co.*, 872 F.3d 114, 116 (2d Cir. 2017) (explaining that when a case is dismissed for lack of subject-matter jurisdiction, the dismissal must be without prejudice); *Finger Lake*, 2020 WL 2555250, at *7 (granting defendant's motion to dismiss without prejudice where there was no complete diversity between plaintiff LLC and defendant).

### III. Conclusion

For the foregoing reasons, the Court grants Airitan and Zou's motion to dismiss and grants Chen's motion for judgment on the pleadings, both for lack of subject-matter jurisdiction.

Dated: June 12, 2025
Brooklyn, New York

SO ORDERED:

/s/MKB
MARGO K. BRODIE
United States District Judge